# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **DENNIS EDWARD HANCOCK,** **#639658,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:24-cv-00504 ) Judge Trauger ) |
| **CENTURION HEALTH, et al.,** | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Dennis Hancock, an inmate of the Bledsoe County Correctional Complex (BCCX) in Pikeville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 on April 23, 2023. (Doc. No. 1.) He also filed an application for leave to proceed as a pauper. (Doc. No. 2.) As explained below, the plaintiff's application to proceed as a pauper is well taken, but this action will be transferred to a forum more convenient for the parties and witnesses.

## I. PAUPER STATUS

A prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. A proper application consists of an affidavit of poverty, 28 U.S.C. § 1915(a)(1), and a certified statement of trust fund account activity for the six months preceding the complaint's filing. *Id.* § 1915(a)(2). The plaintiff has filed an affidavit declaring that he has no funds and is unable to pay the filing fee. (Doc. No. 2 at 1–4.) He has printed and filed a trust fund account statement which confirms his assignment to BCCX and his lack of funds but reports no account activity, because "Transaction Information Does Not Exist." (*Id.* at 6.) Accordingly, the

application for pauper status (Doc. No. 2) is **GRANTED** and a $350 filing fee[1] is **ASSESSED**.

The warden of the facility in which the plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the warden of the facility in which the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Ste. 1300, Nashville, TN 37203.

## II. VENUE

Under 28 U.S.C. § 1391(b), venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a district where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is

---

[1] While prisoners who are not granted pauper status must pay a total fee of $405—a civil filing fee of $350 plus a civil administrative fee of $55—prisoners who are granted pauper status are only liable for the $350 civil filing fee. *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule, provision 14 (eff. Dec. 1, 2023).

situated; or (3) if there is no other district in which the plaintiff may bring the action, a district where any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). A court considering the issue of venue must initially determine whether the case falls within one of these three categories. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 (2013). "If it does, venue is proper," though the court in its discretion may still dismiss or transfer the case in the interest of justice and for the sake of convenience of parties and witnesses under 28 U.S.C. § 1404(a), "a codification of the doctrine of *forum non conveniens*." *Id.* at 56, 60. "[I]f it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)," *id.* at 56, which prescribes this outcome for "a case laying venue in the wrong division or district." 28 U.S.C. § 1406(a).

Because all defendants to the current action are alleged to reside in Tennessee, venue is proper in any district where one of them resides or where a substantial part of the events giving rise to the action occurred. 28 U.S.C. § 1391(b)(1)–(2). All of the individual defendants are alleged to reside in Pikeville, Bledsoe County, Tennessee, where they are employed as BCCX medical staff. (*See* Doc. No. 1 at 5–6.) Bledsoe County lies within the Eastern District of Tennessee. 28 U.S.C. § 123(a)(3). The plaintiff has at all relevant times been incarcerated at BCCX, where he claims that his medical care upon intake to the prison was constitutionally inadequate. Although one defendant, Centurion Health, is alleged to reside within the Middle District, that corporate defendant is sued only for "failing to adequately train or monitor/supervise employees who conduct medical intakes for prisoners arriving at BCCX." (Doc. No. 1 at 4.) It is clear that all of the actions and decisions that gave rise to the Complaint (if not the inadequate training/monitoring that set the stage for them) occurred in the Eastern District, where Plaintiff suffered a heart attack after allegedly being denied his prescribed blood thinners at BCCX intake, despite his notice to

3

the intake medical staff that those blood thinners had been prescribed after a heart attack suffered in county jail just eight days prior. (*Id.*) The plaintiff's medical records and the people who generated them are also presumably located within the Eastern District, or—in the case of relevant records and treatment providers from the "hospital in Crossville" where he spent "over a week" following his heart attack at BCCX (*id.*)—in a county reasonably proximate[2] to the appropriate transferee division of that District, which sits in Chattanooga. *See* 28 U.S.C. § 123(a)(3) ("The Southern Division comprises the counties of Bledsoe, [etc.]" and "Court for the Southern Division shall be held at Chattanooga."). In sum, other than perhaps being the location of Centurion Health's principal place of business,[3] the Middle District has no apparent connection to the parties or claims in this case.

Though venue is not plainly improper in this District, § 1404(a) permits the transfer of this action "to any other district or division where it might have been brought" if the convenience of parties and witnesses and the interest of justice would be better served by such transfer. 28 U.S.C. § 1404(a); *see Burnett v. Caruso*, No. 10-cv-10749, 2010 WL 1609256, at *1 (E.D. Mich. Apr. 19, 2010). The decision to transfer an action pursuant to § 1404(a) lies within the broad discretion of the district court. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955); *see K-Tex, LLC v. Cintas Corp.*, 693 F. App'x 406, 408 (6th Cir. 2017). "Although a plaintiff's choice of forum is generally given deference, that choice may be defeated, especially in cases when the plaintiff has little or no connection to the chosen forum," as here. *Burnett*, 2010 WL 1609256, at *2. Given the allegations

---

[2] Crossville is in Cumberland County, which borders Bledsoe County.

[3] The court notes that there is reason to believe (although it's not perfectly clear) that Centurion of Tennessee, LLC—the business located at the Nashville address provided on page 4 of the Complaint, *see* https://www.mapquest.com/us/tennessee/centurion-of-tennessee-290972464—may have "recently relocated its principal office from Nashville to Knoxville." *Rhule v. Parker*, No. 3:21-cv-00067, 2022 WL 17408640, at *1 (M.D. Tenn. Dec. 2, 2022).

of misconduct that occurred at BCCX, and the residence in the Eastern District of both the plaintiff and the defendants (and outside providers) most immediately responsible for addressing his medical needs, the court in its discretion finds that transfer is appropriate under § 1404(a).

### III. CONCLUSION

In light of the foregoing, the Clerk is **DIRECTED** to **TRANSFER** this action to the United States District Court for the Eastern District of Tennessee, Southern Division.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge