UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DENNIS EDWARD HANCOCK, ) | |
| ) | Case No. 1:24-cv-179 |
| *Plaintiff,* ) | |
| ) | Judge Atchley |
| v. ) | |
| ) | Magistrate Judge Lee |
| JANE DOE #1, ) | |
| ) | |
| *Defendant.* ) | |

## MEMORANDUM OPINION

On July 1, 2024, this Court entered an Order providing Plaintiff through July 22, 2024, to either (1) substitute the real party in the place of Jane Doe #1 or (2) advise the Court of his efforts to identify this Doe Defendant and move for assistance in identifying her [Doc. 10 p. 7]. The deadline has passed, and Plaintiff has not responded to the Order or otherwise communicated with the Court.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less

drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

First, Plaintiff's failure to comply with the Court's Order is the result of his willfulness and fault. Second, there has not been any prejudice to Defendant, as she has not appeared in this action. Third, the Court's Order expressly notified Plaintiff "that if he fails to comply with this Order, this action will be dismissed for failure to prosecute and comply with an Order of the Court" [Doc. 10 p. 7]. Fourth, the Court finds that alternative sanctions are not appropriate, as Plaintiff has failed to follow the Court's clear instructions. On balance, these factors support dismissal of this action under Rule 41(b).

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status did not prevent him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
CHARLES E. ATCHLEY, JR.
UNITED STATES DISTRICT JUDGE
